**Delia Naughton, Appellee, v. Frank Lochiel et al., Appellants.**

DRAM-SHOP ACT—*when award of exemplary damages justified.* *Held*, under the evidence in this case, that an award of exemplary damages was justified in an action instituted for loss of support under the provisions of the Dram-shop Act.

Action in case. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

WISE & McNULTY, for appellant.

F. C. SMITH, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, under the Dram-Shop Act, in the City Court of East St. Louis, by appellee against appellants, to recover for injury and loss of support alleged to have resulted to appellee in consequence of the intoxication of her husband, caused by liquors sold and given to him by appellant Lochiel. Trial by jury. Verdict and judgment in favor of appellee for $300.

The declaration charges in substance that intoxicating liquors were sold and given to appellee's husband by appellant Lochiel; that such liquors caused her husband to become and be intoxicated, and that in consequence of such intoxication she was personally mistreated by her husband and deprived of her means of support; and that appellant Central Brewing Company was the lessee of the building and premises in which the liquor was furnished; and permitted appellant Lochiel to occupy the same with knowledge that intoxicating liquors were to be sold therein by said Lochiel.

The evidence fully proves the declaration in every material respect.

Counsel insist that the suit was for exemplary damages and therefore the court erred in refusing to direct a verdict in favor of appellants. The suit was not for exemplary damages but for actual damage—for being physically driven from her home in her night clothes, and for loss and damage to her means of support for months. The feature of exemplary damage, to the extent that it is involved in this case at all, is a mere incident.

We think, under the evidence, the jury might properly have found as actual damages a sum in excess of what they did find. But if it may be assumed that the verdict does contain something in excess of the actual damages, and that the jury added this excess as exemplary damages, it was entirely proper. It is true in this case that exemplary damages alone could not be recovered; but it is also true that actual damages being proved, exemplary damages may be added if the evidence warrants it, and the evidence does clearly warrant it. Appellee's husband had been an excessive drinker, had been sent to the sanitarium once on account of his drinking, and appellant Lochiel knew that. At the time complained of he had been drinking to the extent that he had not been entirely sober for two years, and was frequently very drunk, and appel-

lant Lochiel knew that. Appellee repeatedly asked and notified Lochiel not to sell her husband any more drink, and Lochiel as often disregarded these requests and notices, continued to sell him liquor, and at times when he was already intoxicated. This state of case is clearly within the rule allowing the addition of exemplary damages.

The record discloses this to be a meritorious case; the amount of the verdict and judgment is clearly not excessive; and we find no error in the record that in our judgment either did, or might, have misled the jury to the prejudice of appellants.

The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*